UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11-cv-32-RJC

| | |
|---|---|
| **DENNIS DAVID GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **CURTIS A. COCHRAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on its own motion.

On August 29, 2011, Plaintiff filed a Complaint under 42 U.S.C. § 1983. According to his Complaint, he is incarcerated in the Swain County Jail within the Western District. Plaintiff alleges a host of claims against the Defendants which include prohibiting safe access to the top prison bunks, denying him privacy when showering or using restroom facilities and providing unfit accommodations in the dining hall. Plaintiff asserts that he has been stonewalled by the Defendants in his efforts to participate in the internal grievance process. (Doc. No. 1 at 4-5). Plaintiff filed an Application to Proceed Without Prepayment of Fees or Costs and therein reports no assets, income, or other means to fund the costs of his lawsuit.

According to the North Carolina Department of Public Safety Offender Information website, Plaintiff was incarcerated on August 15, 2011, and released from custody on November 15, 2011. On August 31, 2011, the Clerk of Court entered an Order requiring the production of Plaintiff's prisoner trust account statement. (Doc. No. 2). To date, no such account statement has been filed with the Court. The Court also notes that Plaintiff has failed to provide the Court with an updated address upon his release.

1

Plaintiff initiated this action against the Defendants by the filing of a Complaint. Plaintiff was released from prison shortly after filing his Complaint and therefore had the obligation to provide the Court with a current address. While the Court is mindful that Plaintiff is proceeding pro se, it is not the responsibility of the Court to track down Plaintiffs or Defendants in an effort to ensure that their case continues to progress through the judicial system.

Federal law requires a prisoner bringing a civil action under Section 1983 will be responsible for paying the full amount of the filing fee, notwithstanding their ability to apply to the Court to commence and prosecute the lawsuit without prepayment of fees or costs. 28 U.S.C. § 1915 (b). Plaintiff has failed to notify the Court of a current address and there is no evidence that Plaintiff has made any payments toward the costs and fees associated with the filing and prosecution of his lawsuit. Plaintiffs have a general duty and responsibility to prosecute their cases, and this includes the obligation to provide the Court with his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

On July 18, 2012, the Court entered an Order requiring Plaintiff to provide the Clerk of Court with a current address and to provide current information on his ability to pay the filing fee and costs. (Doc. No. 5). The Court warned Plaintiff that failure to comply with the Order would result in the dismissal of his Complaint. The Clerk of Court mailed a copy of the Order to the only address that the Plaintiff has ever provided to the Court and the Order was returned as
2

undeliverable on July 25, 2012. (Doc. No. 6). For the reasons stated herein, and in the Court's July 18, 2012 Order, (Doc. No. 5), Plaintiff's Complaint is dismissed

   **IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED**. (Doc. No. 1).

        Signed: August 6, 2012

        Robert J. Conrad, Jr.
        Chief United States District Judge